Edward Lahart and Daniel Miller, Appellants, v.
A. Thompson, Steve Moddy and others,
Appellees

Counties: supervisor districts: abolishment.  County supervisors
1  have statutory power to either divide a county into districts or
to abolish districts theretofore established, and this power is
in no way affected by the primary election law by which candi-
dates for office are chosen.

Same: nomination of officers: elections.  The nomination of
2  county supervisors by districts gives such nominees no vested
right in the office or to a place on the official ballot which may
not be taken away, either by the legislature or the board of
supervisors to whom the power has been delegated; so that where
the supervisors abolished the districts after the primary nomina-
tion of candidates therein, and provided for the election of
supervisors by the county at large, such nominees were entitled
to have their names on the official ballot, if at all, as candidates
of the entire county.

*Appeal from Monroe District Court.*—Hon. M. A.
Roberts, Judge.

Monday, November 23, 1908.

The opinion states the case.—*Affirmed.*

*Jaques & Jaques,* for appellants.

*J. C. Mabry* and *R. T. Mason,* for appellees.

Weaver, J.—The board of supervisors of the county
of Monroe, at its June session for the year 1902, acting
under the authority conferred by Code, section 416, di-
vided said county into three supervisor districts.  In the

year. 1908, there being a prospective vacancy in said office in districts No. 1 and No. 3 to be filled at the general election for that year, the plaintiff Miller, residing in district No. 1, and the plaintiff Lahart, residing in district No. 3, became candidates for the Democratic nomination to said position, while the defendants Thompson, residing in district No. 1, and Moddy, in district No. 3, became candidates for the Republican nomination. At the primary election held June 2, 1908, the several persons above named received a majority of the votes of their respective political parties in their respective districts, and were declared to have been duly nominated. Four days later, on June 6, 1908, the board of supervisors, acting, as it claims, under the authority given by said statute, passed a resolution abolishing said supervisor districts and providing that thereafter members of said board be elected by the voters of the county at large. The plaintiff's petition herein sets out the foregoing facts and alleges that said board has directed and the county auditor proposes to put the names of said candidates upon the official ballot to be voted by the electors of the county at large, and not in their respective districts only, and upon the showing an injunction is asked to restrain said action on part of the auditor, and that he be required to place the names of said candidates upon the ballots to be used in their respective districts only. The defendants demurred generally to said petition, and, the demurrer being sustained, the plaintiffs appeal.

The fundamental inquiry in the case thus presented is whether the board of supervisors had the power to discontinue the division of the county into districts, and, if so, whether said order could affect the status of the candidates theretofore nominated and deprive them of their standing as district candidates.

As to the authority or jurisdiction of the board to make such order there can be no reasonable doubt. The

statute above cited (Code, section 416) expressly provides
that the board of supervisors may, at its
regular June meeting in any even numbered
year, divide its county into as many dis-
tricts as there are members of the board, or at such regu-
lar meeting it may abolish such supervisor districts and
provide for electing supervisors for the county at large.
This statute has never been expressly repealed, nor do
we find any other statute since enacted which is so incon-
sistent therewith as to effect a repeal by implication. The
recent enactment authorizing party nominations to office
at a primary election, on which statute appellant relies,
makes neither direct nor indirect reference to the provision
here in question. Its clear purpose is not to change or in
any way affect tenure of office or eligibility to office, or
to regulate or limit the legislative or *quasi* legislative
powers already conferred upon boards of supervisors or
other inferior bodies, but simply to provide an appro-
priate and orderly method for naming candidates for the
offices to be voted for at an approaching election. The
nomination at a primary election gives the person receiv-
ing it no vested interest in the office for which he is named
or in any place upon the official ballot which may not be
taken away by the state acting through its Legislature or
some inferior body to whom the power has been delegated.
The office of supervisor is a creature of the statute, as is
the delimitation of the territory from which such officer
shall be elected. If the Legislature had been in session
on June 6, 1908, and had then enacted in due form a
statute abolishing the supervisor district and providing
that supervisors should thereafter be elected from the
county at large, no lawyer would contend that it thereby
exceeded its constitutional powers, or that the operation
of such statute could be in anywise controlled or affected
by the fact that plaintiffs had already been nominated to
such office by their respective districts. If this might

*Margin note:* 1. COUNTIES: supervisor districts: abolishment.

have been done by the State Legislature, it could be done with equal effectiveness by the board of supervisors to which that power had been expressly delegated. The effect of the order was to abolish the districts. They no longer existed, and the county auditor was bound to regard that fact in making up the official ballot. From the date of said order the choice of supervisors rested with the electors of the county at large, and not with the electors of separate districts. It follows that, if plaintiffs were entitled to have their names placed upon the ballot at all as candidates for the office of supervisor, it was on the ballot made up for the use of the electorate of the entire county.

Counsel for appellants give considerable attention to the alleged confusion and uncertainty which may result from this holding in cases like the one at bar. It is said

2. SAME: nomination of officers: elections.

that the order of the board of supervisors being made after the primary at which candidates were nominated by districts, and not by the county at large, the respective political parties are left without any candidates for that office, who are entitled to have their names entered upon their appropriate ticket in preparing the official ballot. If this be true, it may disclose an oversight in the framers of the primary law, but it can not control the plain language of the statutes as they stand. But we do not decide whether the result which counsel deprecates necessarily follows this holding, or whether, the office of supervisor being a county office even where the election is by districts, the nomination of appellants by their districts was not sufficient to entitle them (the districts being subsequently abolished) to a place upon the ballot for the entire county. That question is not now before us. The right which appellants demand to have recognized is the right to have their names placed upon the ballot to be used within the territory constituting their respective districts as said districts existed at the date of the primary, and that they be not placed

upon tne ballot proper for the county at large. That claim, we are very clear, can not be sustained. They are not here claiming any right or relief as candidates for election by the county at large, and anything we might say upon that subject would be mere dictum.

The demurrer to the petition was properly sustained, and the judgment of the district court is *affirmed*.